MARVIN, Judge.
Plaintiff, who was defendant’s employer, sued for the recovery of money owed by its employee. The employee reconvened for his $2,400 salary for the last month that he worked. Offsetting judgments were rendered in favor of the employer for $1,130 and in favor of the employee for $1,765, less any payroll deductions required by law to be made from this latter amount. The employer appeals the judgment against it. We reverse.
The record consists of computer and ledger sheets, cancelled checks and testimony covering the entire period of the employment.
The employee began work on August 6, 1974, and was paid $1,200 for that calendar month about August 15, 1974. From this time the method of compensation of the employee changed frequently, from straight salary to salary plus commission to guaranteed salary. It was clearly shown, however, that about the 15th of each month the employee was paid the amount of salary due him for that current month and the amount of commissions earned and compen-sable for the previous month.
From October through December, 1977, the employee was paid a base salary of $2,400 per month, plus sales commissions which exceeded that amount. During this *218 period the employee’s sales commissions did not exceed $2,400 in one month. The employee also received the commissions for all “truckload sales” in addition to other compensation. The “truckload” commissions, like the regular sales commissions, were paid the month following that in which they were earned.
The employee last worked the month of December, 1977, and on the 15th of that month was paid $2,400 salary for that calendar month and for his November “truckload” commissions. He earned no truckload commissions during December, 1977. The employee worked 41 calendar months between August 6, 1974, and December 31, 1977, and received 41 payroll checks from the employer. He was thus owed nothing when he quit work.
The employee testified on direct examination:
“Q But you received a check for your salary on December 15, going up to the 31st of December; is that right?
“A I don’t know how they figured that. The way I was figuring it, that I was paid through November.
“Q But when you received the check on the 15th of the month, wasn’t that for your salary up to the end'of that month?
“A I will be honest with you, I never knew they were paying me in advance.
* * $ jjs * %
“Q Now, then that check was based on your salary for the entire month of December plus whatever commissions you earned in November; is that right?
“A That’s not the way I figure it.
“Q How do you figure it?
“A I figure that money I received from money that I was paid I had due in November."
The employee’s testimony about what was said to him when he terminated shows that he simply did not know that he was being paid in the manner shown by the payroll and other records and the testimony of the employer. When the employer told the employee when he terminated that everything owed him would be determined and a deduction made for what he owed the employer, the employer was talking about commissions which may have been due him for December, and not salary. The testimony of the employer is corroborated by business records. The employee’s testimony, contradicted by positive evidence, does not support the judgment. Jamison v. Reese Variety Stores, Inc., 203 So.2d 859 (La.App.2d Cir. 1967).
Judgment of the lower court on the employee’s reconventional demand is reversed and the employee’s demands are rejected at the cost of the employee.